UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOYCE COMBS,

    Plaintiff,

    v.

CALIFORNIA COURT OF APPEAL, et al.,

    Defendants.

_____/

No. C 11-5195 PJH

**ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT**

On November 14, 2011, the court dismissed pro se plaintiff Joyce Combs' complaint pursuant to 28 U.S.C. § 1915, for failure to state a claim. Now before the court is plaintiff's motion to amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e),[1] and motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60. The court has reviewed plaintiff's papers, and finds that the motions must be DENIED.

Under Rule 59(e), the district court may alter or amend a judgment if the moving party presents newly discovered evidence, or establishes that the court committed clear error or made an initial decision that was manifestly unjust, or that there has been an intervening change in controlling law. United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009).

In her Rule 59(e) motion, plaintiff seeks an order amending or vacating the judgment, so that she can amend the complaint. She asserts that the basis for this motion is the court's "error" in finding that amendment would be futile. Under § 1915, when a plaintiff seeks leave to proceed in forma pauperis, the court is required to review the

---

[1] Plaintiff brings the motion under Rule 59(d), but it appears that plaintiff intended to bring the motion under Rule 59(e), as Rule 59(d) governs orders for a new trial on the court's own initiative, while Rule 59(e) governs motions to alter or amend the judgment.

complaint, and, if the complaint is frivolous or fails to state a claim, is required to dismiss it. See 28 U.S.C. § 1915(e)(2). Here, for all the reasons stated in the November 14, 2011 order, amendment of the complaint would be futile, and plaintiff has not articulated any way in which she could amend the complaint to state a valid claim.

Plaintiff proposes that she be allowed to amend the complaint to name the California Court of Appeal and the San Francisco Superior Court as "Doe" defendants, and to add a cause of action for conspiracy to violate her civil rights, against both the "Doe" courts and the American International Group, Inc. ("AIG") defendants. These amendments cannot cure the deficiencies in the complaint.

The use of "Doe" defendants is not favored in federal court. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of a particular defendant is not known to the plaintiff at the time of filing of the complaint, courts allow the plaintiff an opportunity through discovery to identify the unknown defendant or defendants. Id.; Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Once the identity of a "Doe" defendant is known, the plaintiff may not continue to prosecute the claim against that defendant as "Doe," but must move pursuant to Federal Rule of Civil Procedure 15 to amend the complaint to substitute the defendant's true name. Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003); Plumb v. Prinslow, 847 F.Supp. 1509, 1523 n.13 (D. Or. 1994). Thus, a plaintiff cannot, as plaintiff proposes to do in this case, name known defendants as "Doe" defendants.

In addition, plaintiff has not established that she can state a viable claim for conspiracy. Based on the allegations in the original complaint, the alleged conspiracy had as its object the denial of plaintiff's access to the courts, and denial of her rights to equal protection and due process. The only facts alleged that could possibly pertain to this purported conspiracy, are the filing of motions and other papers by the AIG defendants in the state court action and in the appeal, and the rulings of the Superior Court and the Court of Appeal.

As explained in the November 14, 2011 order, all events described in the complaint

occurred more than two years before plaintiff filed the complaint. The California Court of Appeal's dismissal of the appeal was issued in July 2009, and the California Supreme Court's denial of the petition for review was issued on October 22, 2009. Plaintiff did not file the complaint until October 24, 2011. Thus, plaintiff's claims are time-barred, whether asserted under 42 U.S.C. § 1983 or under 42 U.S.C. § 1985. See Taylor v. Regents of the Univ. of Calif., 993 F.2d 710, 711 (9th Cir. 1993) (state personal injury statute of limitations governs claims under § 1983 and § 1985)..

In addition, as also explained in the November 14, 2011 order, federal district courts may not exercise appellate jurisdiction over state court decisions. See Dublinka v. Judges of Superior Ct., 23 F.3d 218, 221 (9th Cir. 1994) (federal courts may exercise only original jurisdiction, and may not exercise appellate jurisdiction over state court decisions); see also Reusser v. Wachovia Bank N.A. 525 F.3d 855, 858-59 (9th Cir. 2008) (Rooker-Feldman doctrine is well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments, and may also apply where parties do not directly contest merits of state court decision, but file an action that constitutes "de facto" appeal from state court judgment).

As plaintiff plainly alleged in the complaint that defendants violated her right to access to the courts when they denied her right to appeal on the basis of her inability to pay a monetary sanction, and denied her right to challenge the alleged workplace harassment, discrimination, and retaliation of AIG and related entities, see, e.g., Cplt ¶¶ 89, 94, 100, it is clear that the premise underlying the claims asserted in the complaint is the theory that the state courts acted improperly in ruling against her, and ultimately, in dismissing her appeal. It is not within this court's jurisdiction to review the rulings of the state courts, regardless of how unmeritorious those rulings may appear to plaintiff.[2]

---

[2] In addition, to the extent that plaintiff may have contemplated alleging that any particular judge engaged in a conspiracy with one of more defendants to violate plaintiff's civil rights, the court notes that judges enjoy immunity from suits seeking money damages, except where the complaint is not based on actions taken in the judge's judicial capacity, or where the judge acted in the absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

Nor has plaintiff established entitlement to relief under Rule 60. The only subsections of Rule 60 that are arguably applicable here are Rule 60(b) and Rule 60(d). Under Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding, if the party establishes (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief.

Under Rule 60(d), the court can entertain an "independent action" to relieve a party from a final judgment, order, or proceeding. In an independent action, a court may only generally reverse if allowing the judgment to stand would be a "grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 46 (1998).

In her Rule 60 motion, plaintiff seeks relief from the final judgment, so that she can file an amended complaint. However, she has not identified which of the six permissible grounds for reconsideration under Rule 60(b) provides a basis for the motion. Moreover, she has neither shown "extraordinary circumstances" sufficient for relief under Rule 60(b)(6), see Straw v. Bowen, 866 F.2d 1167, 1172 (9th Cir. 1989), nor established that allowing the judgment to stand would be a grave miscarriage of justice.

Plaintiff argues that under Federal Rule of Civil Procedure 56, the court was required to give her the opportunity to respond to the court's "own motion by showing some cause of action under Federal law by which [the] initial Complaint could somehow be thrashed before summarily adjudging the whole case." She also asserts that the court's dismissal of her complaint caught her "totally off guard" because she had received no prior notice.

It was plaintiff's option to request leave to file a complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. It was the court's obligation under § 1915 to determine, sua sponte, whether the complaint was frivolous or otherwise failed to state a claim. Section 1915 does not require the court to engage in a dialogue with a plaintiff seeking leave to file a complaint without prepayment of fees, regarding whether the court's

4

assessment of the viability of the complaint is or is not correct.

Moreover, Rule 56 had no bearing on the court's ruling, which was based solely on a review of the complaint that plaintiff chose to file. Having determined, for the reasons stated in the November 14, 2011, order, that the complaint failed to state a claim, and that the deficiencies could not be cured through amendment, the court dismissed the complaint without leave to amend. See <u>Doe v. U.S.</u>, 58 F.3d 494, 497 (9th Cir. 1995).

**IT IS SO ORDERED.**

Dated: December 14, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge